UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-192-GWU

MARY BELL,                                                                   PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.


### INTRODUCTION

Mary Bell brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

08-192  Mary Bell

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

08-192  Mary Bell

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

08-192  Mary Bell

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-192  Mary Bell

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d

241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work.

Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to

make out a prima facie case by proving that he or she is unable to return to work.

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th

Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563

provide that an individual with only off-and-on work experience is considered to

have had no work experience at all.  Thus, jobs held for only a brief tenure may not

form the basis of the Commissioner's decision that the plaintiff has not made out its

case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly

prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher

v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the

ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

and analyze factors such as residual functional capacity, age, education and work

experience.

08-192 Mary Bell

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

6

08-192  Mary Bell

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Bell, a 59-year-old former home health aide, suffered from impairments related to chronic lumbalgia and cervicalgia with right elbow and hand tendonitis.  (Tr. 23, 785).  Alcohol dependence, an affective disorder, an anxiety disorder and Type II diabetes mellitus were all noted to be non-severe impairments.  (Tr. 23).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 28).  Since the claimant was found to be able to return to her past relevant work, she could not be considered totally disabled.  (Tr. 30).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the

court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The residual functional capacity found by the ALJ and presented in a hypothetical question to Vocational Expert Jackie Rogers included an exertional limitation to medium level work restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally stoop, (2) an inability to perform repetitive, uninterrupted reaching in all directions including overhead with the right upper extremity; and (3) a need to avoid concentrated exposure to extreme cold and full body vibration.  (Tr. 28, 821-822).  Rogers testified that such a person could still perform Bell's past work.  (Tr. 822).  The ALJ relied upon this testimony.

More severe physical restrictions than those found by the ALJ were noted by the staff at the Urgent Treatment Center who indicated in February of 2004 that Bell should not use her right arm after diagnosing her with tendonitis of the right elbow. (Tr. 220-221).  The plaintiff was referred to Dr. Stephen Umansky, an orthopedic specialist, at Lexington Clinic.  (Tr. 221).  Dr. Umansky saw the claimant on several occasions and diagnosed right lateral epicondylitis and right Carpometacarpal (CMC) joint synovitis.  (Tr. 238).  The doctor also recommended no use of the right arm for work activity.  (Id.).  In May of 2004, Dr. Umansky noted improvement in her CMC synovitis but still indicated that Bell should still not use her right arm.  (Tr. 235).  The plaintiff was also treated by Dr. Douglas Nesbitt, primarily for problems

related to her diabetes mellitus.  (Tr. 525-553).  However, the physician did note

complaints of right upper extremity pain on several occasions.  (Tr. 532, 537, 544).

The claimant asserts that the ALJ erred in rejecting the opinion of Dr. Umansky

because he was a treating source.

The ALJ rejected Dr. Umanksy's limitations because he felt that the doctor

had treated Bell for a condition that had resolved.  (Tr. 29).  Instead, the ALJ relied

upon the opinion of Dr. Sudideb Mukherjee, a non-examining medical reviewer, in

formulating his residual functional capacity assessment.  (Tr. 611-619).  The court

notes that no treating or examining physician actually reported that Dr. Umansky's

limitation with regard to the right arm no longer applied.  As previously noted, Dr.

Nesbitt noted continuing pain complaints in the right upper extremity.  While the

claimant testified at the administrative hearing that her right elbow was no longer

painful, she did indicate continuing right upper extremity pain which could support

continuance of Dr. Umansky's limitation.  (Tr. 803-804).  Dr. Mukherjee, the non-

examining medical reviewer, did not cite the reasons he disagreed with Dr.

Umansky's opinion.  An ALJ may rely upon the opinion of a non-examiner over an

examining source when the non-examiner clearly states the reasons for his differing

opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Thus, the ALJ should

not have relied upon Dr. Mukherjee.  The ALJ should have at least sought the

08-192  Mary Bell

advice of a medical advisor who had reviewed the entire record and noted reasons for his differing opinion.

Bell reported both on the Work History Report and during her administrative hearing testimony that her past work as a home health aide had required her to lift patients and use her arms.  (Tr. 93, 789).  Thus, she would be required on occasion to use the right upper extremity.  A limitation on the use of this arm would likely preclude performance of the past work.  Therefore, a remand of the action is required in order to consider whether other jobs could still be performed.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered into simultaneously consistent with this opinion.

This the 25th day of March, 2009.



Signed By:

G. Wix Unthank

United States Senior Judge

10